IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00915–WYD–KMT

MELISSA R. SCHWARTZ, as personal representative and administrator of the Estate of Chandler Grafner, deceased,
CHRISTINA GRAFNER, and
JOSHUA NORRIS,

    Plaintiffs,

v.

JEFFERSON COUNTY DEPARTMENT OF HUMAN SERVICES,
DENVER COUNTY DEPARTMENT OF HUMAN SERVICES,
MARGARET BOOKER, in her individual and official capacity, and
MARY PEAGLER, in her individual and official capacity,

    Defendants.

---

**ORDER**

---

    This matter is before the court on "Defendants' Joint Motion to Stay Discovery." [Doc. No. 15, filed May 28, 2009.]  "Plaintiffs' Response to Defendants (sic) Joint Motion to Stay and Request to Authorize Limited Discovery as to Factual Issues Relating to Defendants (sic) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (hereinafter "Rsp.") was filed May 29, 2009. [Doc. No. 17.]  Defendants' reply was filed June 15, 2009 [Doc. No. 22].

    This case involves the death of a child, Chandler Grafner, after placement by the Defendants of Chandler in a foster home. (Rsp. at 2.)  The civil rights lawsuit, brought pursuant

to Title 42 U.S.C. § 1983, alleges against the Defendant agencies claims of Deliberate indifference and/or Failure to Exercise Professional Judgment under the Fourteenth Amendment (Claims One and Two), Liability Under the Danger-Creation Theory (Claims Three and Four), Negligent Supervision (Claims Seven and Eight), and against Jefferson County Department of Human Services only, Violation of Plaintiff Christina Grafner's Liberty Interest in Familial Association and Privacy (Claim Nine). [Compl., Doc. No. 1.] The Complaint also alleges against the individual Defendants, Municipal Liability (Claims Five and Six) and Negligence and Negligence Per Se Resulting in Wrongful Death (Claims Ten and Eleven). *Id.*

The two county defendants have filed Motions to Dismiss [Doc. Nos. 9 and 10] claiming they are protected by Eleventh Amendment sovereign immunity. Jefferson County Department of Human Services also claims the Plaintiff's allegations are time barred by the statute of limitations, depriving the court of jurisdiction to continue with the case. Margaret Booker and Mary Peagler have raised the same issues in their official capacities. Margaret Booker and Mary Peagler have filed a Motion to Dismiss the Section 1983 claims brought against them individually on the grounds of qualified immunity and failure to state a claim. [Doc. No. 13.]

Claims of immunity shield Government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights," *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982) and also grant an entitlement not to stand trial or face the other burdens of litigation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945 -1946 (U.S. 2009). These immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including "avoidance of disruptive

2

discovery." *Id.; Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (KENNEDY, J., concurring in judgment).

As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection.

> "If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Iqbal* at 1953.

Plaintiffs do not oppose a stay of discovery on the substantive merits of the case however request some "limited discovery" to "flush out facts pertinent to the subject matter jurisdiction issue." (Rsp. at 2.) However, whether the Defendants are entitled to immunity defenses is a legal issue based on well-settled legal principles. The court cannot conceive of any traditional discovery which would assist the Plaintiff's in responding to the Motions to Dismiss on the basis of immunity.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, 2 (D. Colo. 2006)(unpublished). Fed. R. Civ. P. 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .The court may, for good cause,

      issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

*Id.* The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

When considering a stay of discovery, the court may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.; See also, FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635 at 2 (D. Kan. 1987)(unpublished). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

There is no prejudice to the Plaintiffs by granting a stay of discovery in this case and the Plaintiffs do not object on this basis. Given that the central issues of jurisdiction and immunity

4

should be decided prior to subjecting the governmental defendants to the burdens of discovery, I find a stay of discovery to be appropriate in this case.

It is therefore **ORDERED**

"Defendants' Joint Motion to Stay Discovery" [Doc. No. 15] is **GRANTED**. Discovery shall be stayed pending a ruling by the District Court on the Motions to Dismiss filed by Defendants.

It is further **ORDERED**

Should any portion of the case remain for trial subsequent to the District Court's ruling on the Motions to Dismiss, the parties shall file a status report within ten days of the ruling requesting the matter be set for a Scheduling Conference.

Dated this 10th day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge