IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00915-WYD-KMT

MELISSA R. SCHWARTZ, as Personal Representative and Administrator fo the Estate of CHANDLER GRAFNER, deceased;
CHRISTINA GRAFNER; and
JOSHUA NORRIS,

    Plaintiffs,

v.

JEFFERSON COUNTY DEPARTMENT OF HUMAN SERVICES;
DENVER COUNTY DEPARTMENT OF HUMAN SERVICES;
MARGARET BOOKER, in her Individual and Official Capacity; and
MARY PEAGLER, in her Individual and Official Capacity,

    Defendants.

## ORDER

THIS MATTER comes before the Court on Defendant Jefferson County Department of Human Services' Combined Motion and Brief to Dismiss Pursuant to FED. R. CIV. P 12(b)(1) and 12(b)(5) [d/e 9]; the Denver Department of Human Service's Motion to Dismiss [d/e 10] and Brief in Support of Motion to Dismiss [d/e 11]; Margaret Booker and Mary Peagler's Combined Motion and Brief to Dismiss the Fifth and Sixth Claims for Relief [d/e 13]. The Court has also considered Plaintiffs' Response to Defendants' Motions to dismiss for Lack of Subject Matter Jurisdiction [d/e 23], Denver DHS's Reply Brief in Support of its Motion to Dismiss [d/e 32], and Jefferson County's Reply in Support of its Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(5) [d/e 33].

Defendants previously filed a Joint Motion to Stay Discovery on May 28, 2009 [d/e 15]. In the Plaintiffs' Response, they argued that limited discovery on the subject matter

jurisdiction issue should be permitted [d/e 17]. The motion was referred to Magistrate Judge Kathleen M. Tafoya pursuant to an Order of Reference dated April 28, 2009 [d/e 5]. Magistrate Judge Tafoya granted the motion and denied the Plaintiff's request for limited discovery on the issue of Eleventh Amendment immunity. *See* July 10, 2009, Order, p. 3.

In response to Defendants' motions to dismiss, Plaintiffs again raise the need to complete limited discovery with respect to the Eleventh Amendment immunity issues in order to adequately respond to Defendants' motions. While I do not agree with the manner or delay in raising this issue with me, limited discovery on the Eleventh Amendment immunity issue is appropriate here. Defendants rely on various District Court of Colorado, Tenth Circuit and Colorado state court decisions, which have held that Colorado County departments of human services are arms of the state. *See* Defs.' Mot., p. 4 (collecting cases) [d/e 33]. Given that the question necessary to resolve here, whether the Defendants qualify as an "arm of the state", is a fact intensive inquiry that involves issues of state law, the decisions cited by Defendants do not foreclose my inquiry into this issue. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007)(noting that even though state entity had been in existence since 1935 and part of multiple law suits, and even though the Supreme Court and the Tenth Circuit previously ruled that the entity was an "arm of the state", it was appropriate "to consider the status of the [state entity] anew."). Accordingly, while I give deference to these decisions, I do not view these rulings as dispositive. *Id.*

Based on the foregoing, I believe that discovery limited to the factors for evaluating

whether Defendants qualify as an "arm of the state" is appropriate here.[1] Plaintiffs shall submit any such discovery requests to Defendants by April 10, 2010. Defendants shall respond in a timely manner consistent with applicable Federal Rules. After Defendants have responded to those requests, the parties shall meet and confer and determine what, if any, issues raised in the Defendants' motions still remain in dispute here. I note that Plaintiffs have not responded to several arguments included in Defendants' motions to dismiss. To the extent that Plaintiffs confess these issues, Plaintiffs are encouraged to communicate that information to Defendants to allow the prompt resolution of Defendants' re-filed motions to dismiss, should any such motions be filed.

Based on the forgoing, it is

ORDERED that Defendant Jefferson County Department of Human Services' Combined Motion and Brief to Dismiss Pursuant to FED. R. CIV. P 12(b)(1) and 12(b)(5) (d/e 9), Defendant Denver Department of Human Service's Motion to Dismiss (d/e 10) and Margaret Booker and Mary Peagler's Combined Motion and Brief to Dismiss the Fifth and

---

[1] Eleventh Amendment immunity extends not only to states but also to those "entities created by state governments that operate as alter egos or instrumentalities of the states." *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). The test in the Tenth Circuit for determining whether an entity constitutes an "arm of the state" is well established. *Id.* As stated in *Steadfast Ins. Co. v. Agric. Ins. Co.*:

> We look to four primary factors in determining whether an entity constitutes an "arm of the state." *Mt. Healthy [v. Doyle]*, 429 U.S. [274] at 280, 97 S.Ct. 568 [50 L.Ed.2d 471 (1977)]. First, we assess the character ascribed to the entity under state law. Simply stated, we conduct a formalistic survey of state law to ascertain whether the entity is identified as an agency of the state. *See Sturdevant*, 218 F.3d at 1164, 1166. Second, we consider the autonomy accorded the entity under state law. This determination hinges upon the degree of control the state exercises over the entity. *See id.* at 1162, 1164, 1166. Third, we study the entity's finances. Here, we look to the amount of state funding the entity receives and consider whether the entity has the ability to issue bonds or levy taxes on its own behalf. *See id.* Fourth, we ask whether the entity in question is concerned primarily with local or state affairs. In answering this question, we examine the agency's function, composition, and purpose. *See id.* at 1166, 1168-69.

507 F.3d at 1253.

Sixth Claims for Relief (d/e 13) are **DENIED** with leave to re-file. It is

FURTHER ORDERED that the parties shall engage in limited discovery as set forth above.

Dated this 31st day of March, 2010.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE