**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  09-cv-00915-WJM-KMT

MELISSA R. SCHWARTZ, as Personal Representative and Administrator of the Estate of CHANDLER GRAFNER, deceased;
CHRISTINA GRAFNER; and
JOSHUA NORRIS,

    Plaintiffs,

v.

MARGARET BOOKER, in her Individual Capacity and
MARY PEAGLER, in her Individual Capacity,

    Defendants.

---

**ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN OUT OF TIME RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

---

On May 21, 2009, Defendants Margaret Booker and Mary Peagler, in their individual capacities, moved to dismiss Claims V and VI of the Complaint for failure to state a claim upon which relief could be granted and/or based on their right to qualified immunity (the "Motion to Dismiss").  (ECF No. 13.)  On May 6, 2011, the Court ordered Plaintiffs to show cause as to why the Motion to Dismiss should not be deemed confessed and Claims V and VI dismissed with prejudice.  (ECF No. 67.)  Plaintiffs filed their Response to the Order to Show Cause on May 13, 2011 arguing that their failure to respond constitutes excusable neglect.  (ECF No. 70.)  At the same time, Plaintiffs filed a Motion for Leave to File Response Out of Time asking the Court to allow them additional time to file their substantive opposition to the Motion to Dismiss.  (*Id.*)

The Court may extend the time for an action if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Having reviewed all of the relevant factors, the Court finds that Plaintiffs' failure to substantively oppose the Motion to Dismiss in a timely manner constitutes excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005). Plaintiffs have provided a good faith reason for the omission; there is no suggestion of bad faith in this case. This case has been stayed pending resolution of two other motions to dismiss, so the Plaintiffs' inaction did not significantly delay these proceedings. Moreover, as a result of the stay, granting Plaintiffs' instant motion will not prejudice Defendants in any meaningful fashion.

Therefore, because Plaintiffs have shown excusable neglect, the Court GRANTS Plaintiffs' Motion for Leave to File Response Out of Time. Plaintiffs' brief in opposition to the Motion to Dismiss shall be filed not later than **May 25, 2011**. Any reply brief shall be filed not later than **June 8, 2011.**

In addition, at the May 18, 2011 hearing, Plaintiffs' counsel stated that, given new information which apparently has become available since the filing of this action, Plaintiffs are now in a position to file an amended complaint which alleges with greater particularity the factual bases for the remaining claims against the remaining individual defendants in this case. To the extent Plaintiffs elect to seek leave to file such an amended complaint at this time, the Court directs the parties to meet and confer to consider whether a proposed amended complaint would help move this case forward at this time in a more expeditious manner and without further undue delay.[1]

---

[1] The Court directs the parties to WJM Revised Practice Standard III.B.1 stating that counsel "should confer prior to the filing of the motion [to dismiss pursuant to 12(b)(6)] to

For the reasons stated above, the Court ORDERS the following:

1. The Court's May 6, 2011 Order to Show Cause is DISCHARGED;

2. Plaintiffs' Motion for Leave to File Response Out of Time is GRANTED;

3. Plaintiffs' substantive Opposition to the Motion to Dismiss [ECF No. 13] shall be filed not later than **May 25, 2011**; and

4. Defendants' Reply (if any) shall be filed not later than **June 8, 2011**.

Dated this 19th day of May, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

determine whether the deficiency can be corrected by amendment . . . and should exercise their best efforts to stipulate to the appropriate amendments."