IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No.  09-cv-00915-WJM-KMT

MELISSA R. SCHWARTZ, as Personal Representative and Administrator of the Estate
of CHANDLER GRAFNER, deceased;
CHRISTINA GRAFNER; and
JOSHUA NORRIS,

      Plaintiffs,

v.

MARGARET BOOKER, in her Individual Capacity; and
MARY PEAGLER, in her Individual Capacity,

      Defendants.

---

## ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND DENYING DEFENDANTS' MOTION TO RECONSIDER AS MOOT

---

In this civil rights case, Plaintiffs Melissa Schwartz, as personal representative

and administrator of the estate of Chandler Grafner, Christina Grafner, and Joshua

Norris (collectively "Plaintiffs") bring claims arising out of the death of Chandler Grafner

while in foster care against Defendants Margaret Booker and Mary Peagler in their

individual capacities.[1]

---

[1]  Plaintiffs originally brought claims against Peagler and Booker in their official capacities as well as claims against Jefferson County Department of Human Services and Denver County Department of Human Services.  The Court dismissed these claims based on Eleventh Amendment immunity.  (ECF No. 71.)

Plaintiffs filed their Complaint on April 29, 2009.  (ECF No. 1.)  On May 21, 2009, Defendants filed a Motion to Dismiss arguing that Plaintiffs' Complaint failed to state a claim upon which relief could be granted or, in the alternative, that Defendants were entitled to qualified immunity.  (ECF No. 13.)  Plaintiffs responded that they could not oppose the Motion to Dismiss without some discovery.  (ECF No. 15.)  The Court agreed and allowed Plaintiffs to conduct discovery limited to Eleventh Amendment immunity.  (ECF No. 35.)  The Court denied Defendants' Motion to Dismiss without prejudice to refiling after the limited discovery was complete.  All other discovery was stayed; no scheduling order has entered in this case.  (ECF No. 28.)

On April 15, 2010, Defendants filed a Motion to Reconsider the denial of their Motion to Dismiss.  (ECF No. 41.)  Defendants argued that their Motion to Dismiss did not involve Eleventh Amendment immunity[2] so should not have been denied pending discovery.  After some delay, the Court held oral argument on the Motion to Reconsider and ordered Plaintiffs to file a substantive response to Defendants' Motion to Dismiss.  (ECF No. 74.)  Plaintiffs' response was filed on May 25, 2011 along with a Motion to Amend seeking leave to amend their Complaint to address the arguments raised in the Motion to Dismiss.  (ECF Nos. 75 & 76.)

Before the Court are: (1) Defendants' Motion to Reconsider the denial of their Motion to Dismiss (ECF No. 41); and (2) Plaintiffs' Motion to Amend (ECF No. 76).

---

[2]  The now-dismissed County Defendants had both filed Motions to Dismiss in which the central issue was whether they were entitled to immunity under the Eleventh Amendment.

2

## I.  MOTION TO AMEND

Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party."  The Rule specifies that "leave shall be freely given when justice so requires."  The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court held:

> If the underlying facts or circumstances relied upon by a
> plaintiff may be a proper subject of relief, he ought to be
> afforded an opportunity to test his claim on the merits.  In the
> absence of any apparent or declared reason—such as
> undue delay, bad faith or dilatory motive on the part of the
> movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment,
> futility of amendment, etc.—the leave sought should, as the
> rules require, be "freely given."

*Id.* at 182 (quoting Fed. R. Civ. P. 15(a)); *see also Duncan v. Manager, Dept. of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants oppose the Motion to Amend arguing that Plaintiffs waited over two years before seeking leave to amend and therefore any amendment would be untimely and is sought in bad faith.  (ECF No. 81.)  Defendants also argue that amendment would be futile because the proposed Amended Complaint contains the same seventy-three "Factual Allegations" as appear in the original Complaint.  (*Id.* at 4-5.)

The Court acknowledges that this case has been pending for over two years and

3

that Plaintiffs have only recently moved to amend their pleading.  However, with the exception of discovery limited to Eleventh Amendment immunity issues—which are not relevant to the remaining Defendants—there has been no activity in this case.  The case is in its infancy procedurally and, despite the passage of time, Defendants cannot show any prejudice that would result from allowing amendment of the complaint.

The Court finds that Plaintiffs' delay in seeking leave to amend their claims is not the result of undue delay, bad faith, or dilatory motive.  Rather, Plaintiffs seek to amend their claims to include additional factual allegations in response to the arguments raised in the Motion to Dismiss.  Though the proposed Amended Complaint contains the same seventy-three "Factual Allegations" as appeared in the original Complaint, other portions of the Amended Complaint allege more detailed facts regarding actions taken (or not taken) by Defendants Booker and Peagler.  (*See* ECF No. 82 ¶¶ 118-291.) These factual allegations address a number of arguments raised by Defendants in the Motion to Dismiss and respond to concerns expressed by the Court at oral argument. Therefore, the Court finds that amendment of the complaint serves a legitimate purpose and would not be futile.

Given the liberal policy in favor of amendment and the absence of prejudice to Defendants in this case, the Court finds that Plaintiffs should be given leave to amend their claims.  Accordingly, Plaintiff's Motion for Leave to Amend Plaintiffs' Complaint is GRANTED.  Plaintiffs' proposed Amended Complaint (ECF No. 82) is accepted as filed.

## II.  MOTION TO RECONSIDER

Defendants' Motion to Reconsider argues that the Court's denial of Defendants' Motion to Dismiss was in error.  Defendants Motion to Dismiss argued that Plaintiffs' original Complaint failed to state a claim upon which relief could be granted because it lacked sufficient factual allegations regarding Defendants' role in the alleged constitutional violations.  (ECF No. 13.)

The Court has now granted Plaintiffs' request for leave to file an Amended Complaint.  This Amended Complaint supercedes the original Complaint and is now the operative pleading in the case.  *See Mohammed v. Holder*, 2009 WL 529549, *3 (D. Colo. March 2, 2009) (amended complaint supercedes original complaint for purposes of consideration of motion to dismiss for failure to state a claim).  Because the Motion to Dismiss is mooted by the filing of the Amended Complaint, *see Howeth v. Aramark Corp.*, 2011 WL 1428087, *2 (D. Utah April 13, 2011) (motion to dismiss pursuant to 12(b)(6) is moot when complaint has been amended), the Court finds that the Motion to Reconsider is now similarly moot with the filing of Plaintiffs' Amended Complaint. Accordingly, Defendants' Motion to Reconsider is DENIED.

## III.  CONCLUSION

For the reasons set forth above, the Court ORDERS the following:

1.      Plaintiff's Motion for Leave to Amend Plaintiffs' Complaint (ECF No. 76) is GRANTED;

2.      Plaintiffs' proposed Amended Complaint (ECF No. 82) is accepted as filed

as of the date of this Order;

3.      Defendants shall answer or otherwise respond to Plaintiffs' Amended

Complaint on or before July 18, 2011;

3.      Defendants' Motion to Reconsider (ECF No. 41) is DENIED as moot; and

4.      Not later than **June 29, 2011**, the parties are to jointly contact Magistrate

Judge Kathleen M. Tafoya's chambers regarding the prompt setting of a

scheduling conference.

Dated this 28th day of June, 2011.

BY THE COURT:

William J. Martínez
United States District Judge