# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00915-WJM-KMT

MELISSA R. SCHWARTZ, as Personal Representative and Administrator of the Estate of CHANDLER GRAFNER, deceased,
CHRISTINA GRAFNER, and
JOSHUA NORRIS,

     Plaintiffs,

v.

MARGARET BOOKER, in her Individual and Official Capacity, and
MARY PEAGLER, in her Individual and Official Capacity,

     Defendants.

## STIPULATED PROTECTIVE ORDER

This Order is entered pursuant to the agreement of counsel for Plaintiffs, MELISSA R. SCHWARTZ, as Personal Representative and Administrator of the Estate of CHANDLER GRAFNER, deceased, CHRISTINA GRAFNER, and JOSHUA NORRIS, and counsel for Defendants, MARGARET BOOKER, in her Individual and Official Capacity, and MARY PEAGLER, in her Individual and Official Capacity.  This Court finds as follows:

A.    The Defendants may possess certain documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but should not be made publicly available.

B.      Third parties also may possess certain information and/or documents that contain confidential or privileged information that may be subject to discovery in this action but should not be made publicly available.

C.      A Protective Order should be entered in this matter that will properly balance the discovery rights of the Plaintiff with the Defendants' rights to protect its confidential, proprietary, or trade secret information, and will also take into account similar concerns by third parties.  It is therefore:

ORDERED, ADJUDGED AND DECREED:

1.      All production and disclosure of "Confidential Information", as defined in paragraph 2 below, during this litigation shall be governed by this Order.  All materials provided by Defendant or a third party pursuant to this Protective Order that are designated Confidential Information shall be used solely and exclusively for the preparation for and conduct of this litigation, and shall not, unless directed by an appropriate Court, be made available, disclosed, or disseminated in any manner for any other purpose.  Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any person or entity not otherwise authorized to receive the information under this Order unless authorized to do so by court order.

2.      "Confidential Information" means any information that is designated as confidential by the supplying party, including but not limited to printed documents, computer disks or other

electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or at trial, information revealed during depositions, and information revealed in interrogatory answers.  Confidential Information may include, but is not limited to, Manuals, TRAILS information and any other information reasonably and in good faith deemed to be of a confidential or proprietary nature by the Defendant or a third party.

3.     All Confidential Information shall be clearly and prominently marked on every single-page document, on at least the initial page or cover of a multi-page document (including deposition transcripts), and in a prominent location on the exterior of any tangible object, by:

(a)     placing the designation "CONFIDENTIAL" on the Confidential Information; or

(b)     overlaying language substantially similar to "PRODUCED SUBJECT TO A PROTECTIVE ORDER IN SCHWARTZ, ET AL V. BOOKER, ET AL, IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, CIVIL ACTION NO. 09-CV-00915-WJM-KMT" on the the Confidential Information; or

(c)     with respect to transcribed testimony, by giving notice at the time of the deposition that confidential documents are being utilized or discussed and designating such portions as "confidential".

(d)      with respect to discovery responses by designating the portion of the discovery response containing confidential information as "confidential".

4.      Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation, and such letter must be received by counsel for the party making the designation within a reasonable amount of time after the objecting party received the Confidential Information to which it objects.  If the parties are unable to resolve the objection, any party may move the Court to do so.  Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Protective Order.  The party making the designation in question shall bear the burden of justifying that designation in any motion before the Court to modify or strike the designation.

5.      The terms of this Protective Order may be modified only by written agreement of counsel for the parties or by further order of the Court.

6.      Subject to the provisions of paragraphs 7 and 8 below, Confidential Information may be disclosed only to the following persons:

(a)      Counsel of record in this case, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case:

(b)     Employees of counsel or of associated counsel, who assist in the preparation or trial of this case;

(c)     The Court, the Court's staff, witnesses, and the jury in this case; and

(d)     Court reporters who are engaged in proceedings necessarily incident to the case.

(e)     Experts and consultants retained by counsel for the preparation or trial of this case;

7.     Prior to the disclosure of any Confidential Information to any person not covered by paragraphs 6(a) - (d) above, counsel for the party that has received such Confidential Information shall first provide such person with a copy of this Order, and shall require such person to execute the agreement attached as Exhibit 1 to this Order.  Counsel for the party that has made Confidential Information available to persons not covered by paragraphs 6(a) - (d) above is required to send a copy of the executed Exhibit 1 to counsel for the party that produced the Confidential Information, within three days of such third person's receipt of Confidential Information.

8.     In the event it is necessary for the parties to file Confidential information with the Court in connection with any proceeding or motion, the Confidential information shall be filed as a

non-public document under the Colorado e-filing system, or in a sealed envelope with the following statement typed conspicuously thereon:

**CONFIDENTIAL**

This document is filed under seal.  Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on (date) in Civil Action No 09-CV-00915-WJM-KMT

Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as Confidential Information shall also be subject to this paragraph.

9.      The termination of this action does not relieve counsel, or other persons, obligated under this Protective Order from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

10.      This Protective Order survives this case for the purpose of enforcement; and this Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11.     This Stipulation and Order shall be construed in accordance with and governed by the laws of the State of Colorado.

12.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and do not waive any objection to producing any document or information.

13.     This Protective Order shall be binding upon the parties hereto, upon their attorneys, upon third parties who have produced documents in accordance with this Protective Order, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

14.     This Order shall bind all parties to this litigation until all documents, electronic media or other tangible materials containing Confidential Information have been returned to the producing party, or all persons who have received Confidential Information have certified the destruction of such information, as detailed herein.  Within thirty (30) days after the final termination of this litigation, meaning there is no expectation of future litigation in this matter, the Plaintiff, and all other persons who have received Confidential Information during the course of this litigation in accordance with paragraphs 6 and 7 above, shall return to the Defendant all copies, including all electronic copies, of such Confidential Information provided to them during the course of this litigation and shall certify in writing that all such documents, including any and all electronic

copies of documents, have been returned; or else shall certify in writing that any documents or copies, including any and all electronic copies, thereof not so returned have been destroyed.

DONE AND SIGNED this 16th day of May, 2013.

BY THE COURT:

_____

United States Magistrate Judge
Honorable Kathleen M. Tafoya

*APPROVED AS TO FORM AND CONTENT:*

**BACHUS & SCHANKER, L.L.C.**                    **OFFICE OF THE CITY ATTORNEY**


*/s/ J. Kyle Bachus*                                             */s/ Robert A. Wolf*

J. Kyle Bachus, Esq.                                          Robert A. Wolf, Esq.
*Attorneys for Plaintiffs*                                      *Attorneys for Defendants*
1899 Wynkoop Street, Suite 700                      1200 Federal Blvd
Denver, Colorado  80202                                 Denver, CO 80204
(303) 893-9800