IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00915–WJM–KMT

MELISSA R. SCHWARTZ, as personal representative and administrator of the Estate of Chandler Grafner, deceased,
CHRISTINA GRAFNER, and
JOSHUA NORRIS,

     Plaintiffs,

v.

MARGARET BOOKER, in her individual capacity, and
MARY PEAGLER,   in her individual capacity,

     Defendants.

## ORDER

This matter is before the court on "Plaintiffs' Motion for Stay of Dispositive Motion Deadline" [Doc. No. 268].

On June 8, 2014, Plaintiffs filed their "Motion to Extend Deadline for Filing Dispositive Motions."   [Doc. No. 224.]   After briefing and supplementation, on June 18, 2014 this court denied the motion [Order Doc. No. 235] seeking to stay the case pending ruling on a motion they had filed in state court which Plaintiffs asserted would "potentially result in all orders in Chandler Grafner's Dependency and Neglect case being void *ab initio*, which would profoundly impact the status of Chandler Grafner in the several months preceding his homicide." (Id. At 2).   Plaintiff's argument was that if the state court ruled in their favor, it would change the status of Chandler

Grafner in the past.  This court ruled that "[t]he motion provides no grounds to extend the deadline for dispositive motions on this issue indefinitely given its marginal -- at best -- relevance to the issues remaining in this case."  *Id*. at 6.  The court made three rulings: 1) the Motion to Extend Deadline for Filing Dispositive Motion was denied; 2) the deadline for filing a dispositive motion with respect to Phase One discovery for plaintiffs was extended to June 30, 2014 to allow for the time the motion had been pending without ruling; and 3) a continued Scheduling Conference to set all remaining discovery and other matters for July 10, 2014 at 9:45 a.m.  (*Id*. at 7.)

On July 2, 2014, Plaintiffs filed a proposed Scheduling Order proposing that discovery be stayed pending ruling on the defendants' motion for summary judgment and an Objection to Order Doc. No. 235.  [Doc. No. 242, 244.]  Plaintiff did not file a timely dispositive motion.  On July 10, 2014, the defendants appeared as ordered; however neither lead counsel for Plaintiffs appeared, sending an associate instead explaining that the date did not make it to the calendars of the lead attorneys.  The court therefore asked the parties to reset the scheduling conference and requested that the attorneys confer and call chambers to re-set the scheduling conference at a date and time where meaningful discussion about the case schedule could be had.  [Doc. Nos. 254, 266.]  The court also asked the attending associate attorney for Plaintiff to remind the other attorneys about the provisions of D.C.COLO.LCivR 30.2(b), "[a]n objection under Fed. R. Civ. P. 72(a) to an order by a magistrate judge concerning discovery does not stay the discovery to which the order is directed."  [Doc. No. 266.]

2

Plaintiffs disagree that D.C.COLO.LCivR 30.2(b) applies in this case. However they do not point to any law that would alter the new date set by this court for the filing of dispositive motions. As a practical matter, since the motion originally filed by the Plaintiffs was denied, the new dispositive motion deadline which was set by Order of this court is the operative date until and unless either this court changes the date or District Judge Martínez changes the date. Plaintiffs did not file a dispositive motion on the issue of status of the child within the deadline ordered. By referencing the Local Rule, this court was merely attempting to be helpful in directing the plaintiffs to the procedure allowing them to ask for a stay of **implementation of this court's order** pending the **review by the District Court of Plaintiffs' objection**. Instead, the plaintiffs simply filed another "Motion for Stay of Dispositive Motion Deadline" asking that the dispositive motions deadline be delayed until ruling by the state court setting forth the same arguments which were made in the previously denied motion.

Therefore, for all the same reasons set forth in the court's June 18, 2014 Order [Doc. No. 235]

It is **ORDERED**

"Plaintiffs' Motion for Stay of Dispositive Motion Deadline" [Doc. No. 268] is **DENIED -- ** again.

Dated this 22nd day of July, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge