**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-00915-WJM-KMT

MELISSA R. SCHWARTZ, as Personal Representative and Administrator of the Estate of
CHANDLER GRAFNER, deceased,
CHRISTINA GRAFNER, and
JOSHUA NORRIS,

    Plaintiffs,

v.

MARGARET BOOKER, in her Individual Capacity, and
MARY PEAGLER, in her Individual Capacity,

    Defendants.

---

**ORDER OVERRULING PLAINTIFFS' OBJECTION, GRANTING
PLAINTIFFS' RULE 56(d) MOTION, AND REQUIRING STATUS REPORTS**

---

In this civil rights case, Plaintiffs Melissa Schwartz, as personal representative and administrator of the estate of Chandler Grafner, Christina Grafner, and Joshua Norris (collectively "Plaintiffs") bring claims under 42 U.S.C. § 1983 against Margaret Booker and Mary Peagler in their individual capacities ("Defendants") arising out of the death of Chandler Grafner while in foster care.

Before the Court are the following: (1) Plaintiffs' Amended Objection to Magistrate Judge Kathleen M. Tafoya's Order Denying Plaintiffs' Motion to Extend Deadline for Filing Dispositive Motions ("Objection") (ECF No. 256); and (2) Plaintiffs' Rule 56(d) Motion ("Motion") (ECF No. 257). For the reasons set forth below, Plaintiffs' Objection is overruled and Plaintiff's Motion is granted.

## I. PROCEDURAL HISTORY

After the Court denied the Defendants' Motion to Dismiss and that ruling was affirmed by the Tenth Circuit, Magistrate Judge Tafoya entered a Scheduling Order that established a phased approach to this case, with the first issue being Chandler Grafner's legal status during the relevant period. (ECF No. 130 at 8.) The Scheduling Order set the dispositive motions deadline as September 16, 2013. (*Id*. at 7.) The deadlines were repeatedly extended upon request of the parties such that the dispositive motions deadline at the time the instant motions were filed was June 9, 2014. (ECF Nos. 177, 183, 198.)

On June 8, 2014, Plaintiffs filed a Motion to Extend Deadline for Filing Dispositive Motions. (ECF No. 224.) Plaintiffs informed the Court that they had recently filed motions pursuant to Colorado Rule of Civil Procedure 60(b) in Jefferson County, Colorado District Court, seeking to declare as void "almost all Orders and actions in Chandler Grafner's underlying Dependency and Neglect case." (*Id*. at 2.) Plaintiffs asked the Court to extend their dispositive motions deadline until 21 days after Jefferson County ruled on their pending Rule 60(b) motions. (*Id*. at 3.) On June 18, 2014, Magistrate Judge Tafoya denied Plaintiff's Motion based on her finding that Plaintiffs' Rule 60(b) motions were, at most, marginally relevant to the issues in this case and, therefore, Plaintiffs had failed to show good cause for an extension of the deadline. (ECF No. 235.) Plaintiffs then filed their Objection, asking the Court to set aside the Magistrate Judge's order and grant their requested extension. (ECF No. 256.)

Defendants filed a timely Motion for Summary Judgment. (ECF No. 228.) Plaintiffs filed their response to the motion (ECF No. 255), and simultaneously filed their Rule 56(d) Motion (ECF No. 257). Plaintiffs' Rule 56(d) Motion asks the Court to withhold ruling on Defendant's Motion for Summary Judgment until the Jefferson County Court has an opportunity to decide the Rule 60(b) motions. (ECF No. 257.) Defendants filed their opposition to the Motion on August 4, 2014. (ECF No. 277.)

## II. RULE 56(d) MOTION

Rule 56(d) of the Federal Rules of Civil Procedure states:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "The general principle of Rule 56[d] is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (internal quotation marks omitted).

To succeed on a Rule 56(d) motion, a party must: (i) file an affidavit; (ii) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts; (iii) explain why facts precluding summary judgment cannot be presented; and (iv) state with specificity how the desired time would enable the

nonmoving party to meet its burden in opposing summary judgment. *See Pasternak v. Lear Petroleum Exploration Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986); *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

In support of the Motion, Plaintiffs have submitted an affidavit explaining that they have filed Rule 60(b) motions challenging a number of orders entered by the Jefferson County District Court which relate to the custody status of Chandler Grafner. (ECF No. 238-8.) Plaintiffs contend that Defendants' Motion relies heavily on several of these orders, and that, if Plaintiffs' Rule 60(b) motions are granted, the orders may be considered *void ab initio*. (*Id.*) Plaintiffs explain that, because the custody status of Chandler Grafner is the central issue of Defendants' Motion for Summary Judgment, they cannot fully respond until their Rule 60(b) motions are resolved. (*Id.*)

The Court finds that Plaintiffs have satisfied the requirements of Rule 56(d). They have submitted an affidavit that identifies the facts that are not presently available, their attempts at procuring such information, and why it is material to the summary judgment motion. The Court has reviewed Defendants' Motion for Summary Judgment and finds that the Jefferson County District Court's ruling on the Rule 60(b) may have some impact on Chandler Grafner's legal status for purposes of this case. As such, the Court finds that the interests of justice warrant delaying ruling on the Defendant's Motion for Summary Judgment until after the Jefferson County District Court has resolved the pending Rule 60(b) motions.

Accordingly, Plaintiffs' Rule 56(d) Motion is granted. Should the Rule 60(b) motions be granted, the Court will afford Plaintiffs the opportunity to supplement their response to Defendants' summary judgment motion, and Defendants will have the

opportunity to supplement their reply. Beginning 60 days from the date of this Order, Plaintiffs shall file a report every 60 days updating the Court on the status of their Rule 60(b) motions.

### III. OBJECTION TO MAGISTRATE JUDGE'S RULING

Plaintiffs also object to the Magistrate Judge's denial of their request to extend the dispositive motions deadline until after the Jefferson County District Court decides the Rule 60(b) motions. (ECF No. 256.) Because Plaintiffs' Motion to Extend Deadline was not dispositive of any of its claims or defenses, the Magistrate Judge was empowered to decide the Motion, and the Court's review is circumscribed.[1] *See* Fed. R. Civ. P. 72(a).

In considering objections to non-dispositive rulings by a Magistrate Judge, such as that at issue here, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left

---

[1] The Court believes that there are situations in which the denial of a party's request to extend the dispositive motion deadline could be reviewed *de novo* under Rule 72(b). However, in this case, to succeed on their § 1983 claims, Plaintiffs must show both that there was a special relationship between Defendants and Chandler Grafner at the time of his death, *and* that Defendants failed to comply with the duties imposed by such relationship. (*See* ECF No. 100.) Any dispositive motion filed at this stage of the litigation would resolve only Chandler Grafner's legal status in relation to Defendants, which could be dispositive of the case if the Court rules in favor of Defendants, but would not be dispositive of the case if Plaintiffs prevail on an affirmative summary judgment motion. As such, the Court finds that the Magistrate Judge's order denying Plaintiffs' request to extend the dispositive motions deadline is not dispositive of any of Plaintiffs' claims or defenses, and is therefore subject to review under Rule 72(a).

with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright, Arthur R. Miller, Richard L. Cooper, Federal Practice and Procedure § 3069 p. 355 (2d ed. 1997), but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly. *See Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).

The Magistrate Judge found that Plaintiffs had failed to show good cause for their requested extension of the dispositive motion deadline. (ECF No. 235 at 5.) She noted that the Jefferson County courts are "extremely unlikely" to set aside rulings made in a case where the child is no longer alive. (*Id.*) She also found that whatever rulings were made by the Jefferson County courts would not alter the actual facts of what occurred around the time of Chandler Grafner's death. (*Id.*) Ultimately, the Magistrate Judge concluded that Plaintiffs' "motion provides no grounds to extend the deadline for dispositive motions on this issue indefinitely given [the Rule 60(b) motions'] marginal—at best—relevance to the issues remaining in this case." (*Id*. at 6.)

The Court does not conclude that the Magistrate Judge's findings were clearly erroneous or contrary to law. The Magistrate Judge applied the correct legal standard and the Court is not left with a firm conviction that a mistake has been made. Notably, an affirmative motion for summary judgment filed by Plaintiffs at this stage of the litigation would not resolve the entire case. Rather, to move this case forward, Plaintiffs need only to defeat Defendants' Motion for Summary Judgment. As the Court has

granted Plaintiffs' Rule 56(d) Motion, the Court will withhold ruling on Defendants' Motion for Summary Judgment until after the Jefferson County District Court has decided the Rule 60(b) motions.  Thus, Plaintiffs are not prejudiced by the fact that they will be required to file a dispositive motion—if they choose to do so—before the Jefferson County District Court has decided their Rule 60(b) motions.

Accordingly, the Court overrules Plaintiffs' Objection to the Magistrate Judge's order denying Plaintiff's Motion to Extend the dispositive motions deadline.

### IV.  PLAINTIFFS' MOTION TO STAY

In her Order denying Plaintiffs' Motion to Extend the dispositive motions deadline, Magistrate Judge Tafoya stated: "To avoid prejudice to the Plaintiff in light of the delay occasioned by bringing her motion forward, the deadline for filing a dispositive motion with respect to Phase One discovery issues **is extended to June 30, 2014**." (ECF No. 235 at 7.)  After filing their Rule 72(a) Objection to the Magistrate Judge's Order, Plaintiffs filed a Motion to Stay Implementation of Magistrate Judge's Order Pending Review by the District Court of Plaintiffs' Objection.  (ECF No. 276.)  This Motion seeks a stay of Plaintiffs' dispositive motions deadline until after the Court resolves the Rule 72(a) objection.  (*Id*.)

The Court has now overruled Plaintiffs' objection but agrees with the Magistrate Judge that it would be unfairly prejudicial to deny Plaintiffs the ability to file a Phase One dispositive motion simply because Plaintiff was denied an extension of the deadline and then appealed such denial.  Therefore, the Court grants the Motion and

sets a deadline for Plaintiffs to file a Phase One dispositive motion, if they so desire[2], on or before August 29, 2014.

## V.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Fed. R. Civ. P. 56(d) Motion (ECF No. 257) is GRANTED;

2. The Court will DELAY ruling on Defendants' Motion for Summary Judgment until after the Jefferson County District Court resolves Plaintiffs' Rule 60(b) motions. Should the Rule 60(b) motions be granted, the parties will be afforded the opportunity to file supplemental summary judgment papers as appropriate;

3. Plaintiffs' Amended Objection to Order Denying Plaintiffs' Motion to Extend Deadline for Filing Dispositive Motions (ECF No. 256) is OVERRULED;

4. Plaintiffs' Motion to Stay Implementation of Magistrate [Judge]'s Order Pending Review by the District Court of Plaintiffs' Objection (ECF No. 276) is GRANTED;

5. Plaintiffs' deadline to file a Phase One dispositive motion is EXTENDED to August 29, 2014; and

6. Plaintiffs SHALL FILE a status report every 60 days—starting 60 days from the date of this order—informing this Court of the current status of the Rule 60(b) motions pending before the Jefferson County District Court.

---

[2] As noted above, a victory on any Phase One dispositive motion filed by Plaintiffs would not resolve this case in Plaintiffs' favor.  At this stage of the litigation, Plaintiffs need only defeat Defendants' Motion for Summary Judgment.  As such, the Court cautions Plaintiffs and their counsel to seriously consider the utility of filing a Phase One affirmative dispositive motion.

Dated this 14th day of August, 2014.

BY THE COURT:

William J. Martinez
United States District Judge