IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00915–WJM–KMT

MELISSA R. SCHWARTZ, as personal representative and administrator of the Estate of Chandler Grafner, deceased,
CHRISTINA GRAFNER, and
JOSHUA NORRIS,

    Plaintiffs,

v.

MARGARET BOOKER, in her individual capacity, and
MARY PEAGLER,   in her individual capacity,

    Defendants.

# ORDER

This matter is before the court on the parties "Joint Motion for Stay of Phase II of Discovery" [Doc. No. 282].

The parties seek a stay of all discovery pending the ruling by District Judge William J. Martínez on Defendant's Motion for Summary Judgment [Doc. No. 226] filed June 9, 2014.  The parties, with the approval of the court, have been engaged in a two part discovery process.  Part I of the process concerned discovery related to Chandler Grafner's status at the time of events preceding his death.  All parties were in agreement that this issue should be decided by the court on summary judgment before the case proceeded to Part II discovery relating to the named Defendants' exercise of professional judgment.  First, depending on the outcome of the status

issue, the case could be resolved entirely. Second, Part II discovery is likely to be very costly and would be a waste of the parties' and the court's resources to proceed with those issues while the question of Chandler Grafner's status in the system remains unresolved.

Further, Plaintiffs have filed a Rule 60 Petition in Jefferson County which they maintain could have significant impact on the Part I status issue if granted. (Mot. at ¶ 4.) On August 14, 2014, the District Court Ordered that ruling on Defendant's Motion for Summary Judgment concerning the status of Chandler Grafner in the system would be delayed pending the outcome of the Rule 60(b) motion filed in Jefferson County. [Doc. No. 280.] Given the District Court's ruling, the parties now seek "to conserve the Parties' limited resources by avoiding what might ultimately be the Parties' unnecessary expenditure of time and money, the parties argue the most efficient manner to proceed is to stay Phase II of discovery until the Court rules on the pending Motion for Summary Judgment.

On referral from the District Court, this court agrees with the parties that a stay of Part II discovery -- even in light of the age of the case -- is the best and most expeditious way to proceed and the best alternative for compliance with Fed. R. Civ. P. 1.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PAC, 2006 WL 894955, *2 (D. Colo. 2006) (unpublished). Fed. R. Civ. P. 26(c) does, however, provide, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." . . .*Id.*

2

In this District, courts have found that forcing a party to engage in discovery when a motion to dismiss based on a jurisdictional defense is pending would subject him to undue burden or expense if the motion to dismiss is later granted. *String Cheese Incident* at *2 (defense of lack of personal jurisdiction). This court, when considering a stay of discovery, may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.; See also, FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, *2 (D. Kan. 1987) (unpublished). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors for determination of the propriety of a stay, the Court finds that a stay is appropriate here. While all plaintiffs to some degree have an interest in proceeding expeditiously in their cases, it is in both parties' interests to determine the legal status of Chandler Grafner with respect to the child welfare system before engaging in expensive, expert-laden discovery on the defendants' exercise of professional judgment. The plaintiff, perhaps even more than the defendants, stands to save expenses while this initial determination is considered by the

3

district court. The Court also considers its own convenience, the interests of non-parties, and the public interest in general. None of these factors prompt the Court to reach a different result. In fact, the Court notes that neither its nor the partie'' time is well-served by being involved in possible dispute resolution and other incidents of discovery when, as here, a dispositive motion involving a threshold issue is pending. *Frontier Steel Bldgs. Corp. v. S.J. Amoroso Const. Co., Inc*., 08-cv-00408-MSK_KLM, 2008 WL 1925100, *2 (D. Colo., 2008)(unpublished); *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC,* 07-7045, 2007 WL 4165397, *2 (D.C. Cir. 2007) (unpublished) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth*., 201 F.R.D. 1, 2 (D.D.C. 2001) (A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.)

This court does not discount that the public has an interest in this case, however that interest is also linked to the status of Chandler Grafner. Therefore, resolution of that threshold question does not impair or impinge upon that public interest.

The imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Id.* at 5.

The District Court has ordered the parties to file bi-monthly status reports [Doc. No. 280] with respect to the status of the Jefferson County Rule 60 motion and this court sees no reason to

burden the parties with further reporting requirements while waiting for this threshold issue to be resolved

It is therefore, **ORDERED**

The parties "Joint Motion for Stay of Phase II of Discovery" [Doc. No. 282] is **GRANTED**.   Further discovery in this case is **STAYED** pending the District Court's ruling on Defendant's Motion for Summary Judgment [Doc. No. 226].   Within ten days of ruling by the District Court on the Motion for Summary Judgment, the parties shall file a status report with the court addressing the need for further discovery and attaching a proposed Amended Scheduling Order if further discovery is warranted after the court's ruling.

DATED this 21st day of August, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge