**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-00915-WJM-KMT

MELISSA R. SCHWARTZ, as Personal Representative and Administrator of the Estate of
CHANDLER GRAFNER, deceased,
CHRISTINA GRAFNER, and
JOSHUA NORRIS,

      Plaintiffs,

v.

MARGARET BOOKER, in her Individual Capacity, and
MARY PEAGLER, in her Individual Capacity,

      Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO LIFT STAY AND ADMINISTRATIVELY CLOSING CASE

In this civil rights case, Plaintiffs Melissa Schwartz, as personal representative and administrator of the estate of Chandler Grafner, Christina Grafner, and Joshua Norris (collectively "Plaintiffs") bring claims under 42 U.S.C. § 1983 against Margaret Booker and Mary Peagler in their individual capacities ("Defendants") arising out of the death of Chandler Grafner while in foster care. (ECF No. 82.)

On June 9, 2014, Defendants moved for summary judgment arguing that, at the time of his death, Chandler Grafner was not under the care of the State and, therefore, no special relationship existed between Defendants and Chandler Grafner. (ECF No. 226.) Defendants' argument was premised on orders that were entered in Chandler Grafner's Colorado State Court dependency and neglect case, and which allegedly transferred custody of Chandler Grafner to Jon Phillips. (*Id.*)

In response to Defendants' Motion, Plaintiffs filed a motion in Jefferson County District Court under Colorado Rule of Civil Procedure 60(b) seeking to void the custody orders on the grounds that Joshua Norris, Chandler Grafner's biological father, was not provided notice of the dependency and neglect proceeding. (*See* ECF No. 224 at 2.) In this case, Plaintiffs asked the Court to withhold ruling on Defendants' Motion for Summary Judgment until the State Court resolved the validity of the custody orders in the dependency and neglect case. (*Id.*) Given the significance of Chandler Grafner's custodial status, the Court granted Plaintiffs' request. (ECF No. 280.) The Court found that the interests of justice warranted delaying ruling on the Defendants' Motion for Summary Judgment until after the state court had resolved the Rule 60(b) Motions. (*Id.*) The Court ordered Plaintiffs to file reports every 60 days as to the status of the State Court action. (*Id.*)

On November 5, 2014, Plaintiffs filed their Second Status Report stating that the Jefferson County District Court had denied their Rule 60(b) Motions on the grounds that Chandler Grafner's custody status was moot because he is deceased. (ECF Nos. 287-88.) In the attached opinion, the Jefferson County Court noted that its belief that the potential impact of Chandler Grafner's custody status in the instant action was insufficient to overcome the mootness hurdle. (ECF No. 288 at 5.) In their Third Status Report, filed on November 26, 2014, Plaintiffs informed the Court that they had appealed the Jefferson County District Court's denial of their Rule 60(b) Motions. (ECF No. 289.) This appeal is currently pending before the Colorado Court of Appeals. (ECF No. 291-1.)

Before the Court is Defendants' Motion to Lift Stay of Consideration of its Motion

for Summary Judgment ("Motion").  (ECF No. 290.)  Defendants argue that the Court only stayed ruling on the Motion for Summary Judgment until the Jefferson County District Court ruled on Plaintiffs' Rule 60(b) Motions.  (*Id.*)  As this has now occurred, Defendants ask the Court to move forward with ruling on their Motion for Summary Judgment.  (*Id.*)  Plaintiffs oppose this request, arguing that the Court should withhold ruling on the Motion for Summary Judgment until after the denial of the Rule 60(b) Motions can be considered on appeal.  (ECF No. 291.)  Plaintiffs point out that the Court previously stated that it would withhold ruling until the Rule 60(b) Motions were "resolved", which has not occurred because the denial of the Motions is on appeal.  (*Id.*)

The Court agrees with Plaintiffs and finds that the status of the custody orders entered in the dependency and neglect case is still unresolved as the denial of Plaintiffs' Rule 60(b) Motions is pending on appeal.  Given the continuing legal significance of these orders to Defendants' Motion for Summary Judgment, the Court finds that the interests of justice warrant delaying ruling on that Motion until the status of such orders is fully and finally resolved.  Therefore, Defendants' Motion to Lift the Stay is denied.  Moreover, as it is unclear how long the appeals process will take, the Court will administratively close this case subject to reopening upon motion of the parties when the Colorado State Court system has fully and finally resolved the status of the custody orders entered in the dependency and neglect case.

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Lift Stay of Consideration of its Motion for Summary Judgment (ECF No. 290) is DENIED;

2. To permit the Colorado State Court system adequate time to consider Plaintiffs' appeal of the denial of their Rule 60(b) Motions, the above-captioned action is ADMINISTRATIVELY CLOSED; and

3. The parties may move to reopen this case when the Colorado State Courts have fully and finally resolved Plaintiffs' Rule 60(b) Motions.

Dated this 5th day of January, 2015.

BY THE COURT:

William J. Martinez
United States District Judge